**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN RE: ASBESTOS LITIGATION**

NAGEL T. COBB, )
)
    Plaintiff, )
)
    v. )
)   C.A. No. N17C-05-126 ASB
DAIMLER TRUCKS NORTH )
AMERICA, LLC et al., )
)
    Defendants. )
)
)

August 30, 2017

*Upon Defendant Daimler's Motion to Dismiss*
*Plaintiff's Willful and Wanton Conduct Claim*
**GRANTED.**

## ORDER

Defendant Daimler Trucks North America, LLC ("Defendant") filed a Motion to Dismiss Plaintiff's Willful and Wanton Conduct Claims pursuant to Superior Court Civil Rules 8(a), 9(b) and 12(b)(6). Defendant argues that Plaintiff's willful and wanton conduct claim lacks specific supporting factual allegations, and this Court has held that simply "adding the words willful and wanton to an allegation

does not transform automatically a case to a punitive damages claim."[1] On the other hand, Plaintiff contends that under Delaware law, "for a complaint to survive a motion to dismiss it need only general notice of the claim asserted."[2] The Court agrees with Defendant. As this Court noted in *In re Asbestos Litigation (Ardis)*[3], without a factual basis or the elements of the claim under the substantive state law the claim is brought under, the claim is insufficient. Plaintiff did not plead specific facts to support a punitive damages claim against Defendant. Plaintiff's willful and wanton conduct claim against Defendant is dismissed without prejudice. Shall Plaintiff discover evidence that supports a punitive damages claim; Plaintiff may move to amend.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

The Honorable Calvin L. Scott, Jr.

---

[1] Defendant cites to *In re Asbestos Litig. (Aungst)*, C.A. N12c-08-017 ASB (Del.Super. Dec. 17, 2012). Defendant also cites to numerous Asbestos Litigation cases where this Court has dismissed "cookie cutter" punitive damage claims.

[2] Plaintiff cites *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).

[3] *In re Asbestos Litigation (Ardis)*, C.A. No. N13C-10-020 (ASB)(Del. Super. Feb. 6, 2014).